FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

JERRY L. COCA

      Plaintiff,

v.                                                                   CIV No. 13-528 GBW/RHS

COUNTY OF SAN MIGUEL *et al.*

      Defendants.

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to Dismiss

Civil Rights Claim (*doc. 8*) and Plaintiff's Motion to Remand (*doc. 9*).   Having reviewed

the Motions and accompanying briefing (*docs. 13, 14*) and received oral argument (*doc.*

*29*), the Court finds them well taken and will GRANT them.

I.      BACKGROUND

This matter was removed this Court on June 6, 2013.  *Doc. 1.*   Plaintiff's

complaint alleges four causes of action, identified as a federal civil rights claim (*doc. 1*,

Ex. A ¶¶ 21-25), a negligent supervision and training claim (*id.* ¶¶ 26-28), a negligent

infliction of emotional distress claim (*id.* ¶¶ 29-30), and an intentional infliction of

emotional distress claim (*id.* ¶¶ 31-32).  Defendants Marcellino A. Ortiz, Board of

1

County Commissioners of the County of San Miguel, State of New Mexico, Arthur J.

Padilla, Les W. Montoya, County of San Miguel of the State of New Mexico, David R.

Salazar, Nicholas Leger, Patrick Snedeker, and Ron R. Ortega (with Brenda Calderon,

and Debora Johnson, hereinafter "County Defendants") moved to dismiss Plaintiff's

complaint on June 11, 2013 for pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

On July 3, 2013, Plaintiff filed an opposed motion to voluntarily dismiss the

federal claim in his complaint and a concurrent motion to remand the case to state

court. *Docs. 8, 9.* In his motion to voluntarily dismiss his federal claim, he requested

dismissal of paragraphs 21-25 of his complaint. *Doc. 8.* The County Defendants

opposed the voluntary dismissal because they believed that paragraphs 26-28 of the

complaint also contained a federal claim. *Doc. 13 at 2.* However, in Plaintiff's motion to

remand, he specifically states that his other causes of action, including those

paragraphs, are state law causes of action. *Doc. 9 at 2.* Further, at the hearing

conducted on November 8, 2013, Plaintiff affirmatively stated that to the extent his

complaint could be read to raise a negligent training or supervision claim under § 1983,

he voluntarily dismissed it. *Doc. 29.*

## II.  ANALYSIS

Plaintiff's motion to dismiss any and all federal claims and his agreement that

such dismissals be with prejudice moot all bases for Defendants' opposition. *See doc 13.*

---

[1] Debora Johnson and Brenda Calderon joined the Motion to Dismiss on October 15, 2013. *Doc. 27.*

Thus, the Court will grant the motion and dismiss all Plaintiff's 1983 claims with prejudice.  *See doc. 29*.

Plaintiff's remaining claims are state law claims.  *See doc*. 9.  Consequently, any jurisdiction over these claims would be an exercise of the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367.  Upon dismissal of Plaintiff's federal claim, this Court must decide whether or not it will adjudicate any remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").  When all federal claims have been dismissed from a case, supplemental state claims will ordinarily be dismissed without prejudice.  *Roe v. Cheyenne Mountain Conference Resort*, 124 F.3d 1221, 1237 (10th Cir. 1997).  Because Plaintiff has not only voluntarily dismissed the only claims over which this Court has original jurisdiction, but also has requested remand, there is insufficient reason to depart from the ordinary rule.

Finally, because the Court will grant Plaintiff's motion to remand, County Defendants' Motion to Dismiss (*doc. 5*) is hereby denied as moot.

## III.   CONCLUSION

Plaintiff's Motion for Leave to Dismiss Civil Rights Claim (*doc. 8*) is GRANTED. Plaintiff's claims pursuant to §1983, including any such claim for negligent training and/or supervision, are hereby DISMISSED with prejudice.   Plaintiff's Motion to

Remand (*doc. 9*) the remaining state tort claims is GRANTED.  This matter is remanded

to the Fourth Judicial District Court for the State of New Mexico, County of San Miguel.

Each party shall bear its own costs.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**